The next case on the docket is 524-1191. Counsel would like to approach. Our new pediatrician in this case is Nicholas Atwood. For the record, the court would like to note that this is done due to a calendaring issue, cannot be present today, and therefore his right to oral argument is waived. All right. If you're ready, you may proceed. Yes. Good morning, Your Honors. Clerks, may it please the court, my name is Nicholas Atwood and I represent the people of the state of Illinois in this matter. The trial court properly dismissed the defendant's post-conviction petition at the first stage because that petition was frivolous and patented without merit. Specifically, I want to address in detail the ineffective assistance of appellate counsel claim. Defendant argues that his appellate counsel was ineffective for failing to raise an argument challenging that his information, charging information, was defective. Additionally, defendant argues that the court should not have allowed the state to amend that information. Initially, defendant was charged with predatory criminal sexual assault of a child in that he committed an act of sexual penetration with his penis inserted into the child's sex organ. Ultimately, that information was amended. The word inserted was replaced with involved. So the amended information shortly before the trial began read that the defendant committed an act of sexual penetration involving his penis and the victim's sex organ. And so under the statute, if the information alleges an act of sexual penetration, that is the element that must be proven. The Illinois case law is clear. The manner of the penetration is not an element of the offense. In this case, the manner being inserted versus involved. That language is surplus because it's not an element of the offense. Because that language is surplusage, the change to the amended information was formal, not substantive. Under the statute, defendant argued that the people were required to prove either that an insertion occurred or that an act of sexual gratification occurred. But as charged, when the indictment charges an act of sexual penetration between the sex organ of the defendant and the sex organ of the victim, that constitutes sexual penetration. When you charge sexual penetration, you do not need to charge for the purposes of gratification. And that's where the defendant's reliance on people being kid is misplaced. In kid, the information charged contact between the sex organ of the defendant and the victim's mouth. It did not charge, it did not make an allegation of sexual gratification or an allegation of sexual penetration. And for that reason, by amending that information, you've amended an element that is required. That is to either prove an act of sexual penetration occurred or an act of sexual gratification, for the purposes of sexual gratification. Those are clear elements of the offenses, and that's why kid is distinguishable from this case. Since the beginning, the defendant was charged with committing an act of sexual penetration involving his penis in the victim's vagina. At the original probable cause hearing, the evidence established that the defendant was charged with rubbing his penis on the victim's vagina. So this is not a case where a defendant could argue that he was surprised by this amendment. He always knew from the beginning he had to defend himself against an act of sexual penetration, which is any contact, however slight. So there's no need to prove that an actual insertion occurred. Any contact between the defendant's sex organ and the victim's sex organ is, under the law, an act of sexual penetration. And that's what distinguishes this case from kid. There's certainly no surprise, because the language for sexual penetration was always charged in the original amendment and in the later amendments. And because they weren't substantive changes, they were formal changes, there was no basis to allege that appellate counsel was ineffective for failing to raise America's claim. The defendant also talked about needing to prove an intrusion, but that's the statute when it reads, sexual penetration means any contact, however slight, between the sex organ or anus of one person and an object, or the sex organ, mouth, or anus of another person, and then in the disjunctive, or any intrusion. So when you're alleging that an act of sexual penetration occurred between sex organs, you don't need to allege that there was an intrusion. Your Honor, do you have any questions on that particular issue? I just want to touch on some of the other ones. Please, if you need any clarification, I didn't draft the brief in this case. I'm subbing in for the attorney who did, so if there's any clarification, I'm happy to provide that. Touching briefly on the alleged Brady violation, the defendant argued that a Brady violation was committed because the State didn't turn over records of Roshonda Barnes' mental health records, but the record actually positively rebutts that claim. The trial court possessed the mental health records because Barnes objected to those records being shared because the defendant did not have an automatic right to those mental health records under the statute. And so the trial court possessed those mental health records, reviewed those records without the parties being present, and determined that two pages would be relevant. And so in order to prove a Brady violation, you have to prove that the State suppressed this evidence either willfully or unintentionally. The State never possessed the evidence to suppress it in the first place, so therefore this is an indisputably meritless claim that's positively rebutted by the record. The counsel also argued that the trial court improperly participated in plea negotiations. Specifically, the only reference in the record that could be found dealing with the plea negotiations where the court was present was on August 3rd, 2021. There, defense counsel wanted to put on the record that she had gone over the plea agreement with the defendant and that she was recommending that the defendant accept that plea agreement, but the defendant was refusing to do so. So defense counsel proffered the terms of the plea agreement. The prosecutor confirmed that those were the terms. And then the trial court asked the defendant if he had been communicated that offer. He said that he had, and he said that he didn't want to accept that offer. And the court said, okay, we'll proceed to trial. Clearly, this is not participating in negotiations. The court didn't even attempt to encourage the defendant to accept that plea deal. The court offered no substitute terms. It was merely just putting on the record for the purposes of potentially an appeal later that counsel had done her duty. She had presented the plea agreement to the defendant, and he wasn't interested in accepting that plea agreement. The next issue defendant raised involved the failure to cross-examine a key witness, but the defendant didn't actually identify in the brief who the key witness was. The trial court was somewhat confused as well, but the parties assumed and our briefs assumed that it was referring to Rashonda Barnes. This is positively rebutted by the record. Throughout the trial, defense counsel so thoroughly cross-examined Rashonda Barnes, who was one of several witnesses for the State, that the court ultimately said that it gave little weight to her testimony because she clearly had a bias. In the defendant's brief, he mentions like a preliminary hearing, and he doesn't necessarily say that there was a failure to cross-examine a preliminary hearing, but upon reviewing the record, the only preliminary hearing I think that must be referring to that would be relevant would be the grand jury indictment. And, of course, a defendant has no right to even be present there, much less cross-examine a witness, because the purpose of a grand jury indictment is not an adversarial nature. It's a probable cause hearing to determine charges. So there could be no ineffective assistance for not cross-examining a witness who you had no right to cross-examine in the first place. So that would be an indisputably meritless claim. In the defendant's reply brief, he argued that the trial court engaged in the wrong standard of review because the court conducted a detailed examination of the record. As I'm sure as this court knows, you know, Earl Moyce Supreme Court and People v. Edwards outlined the fact that, you know, unless contradicted by the record, the claims can go forward. So the trial court undertook a review of the record, as is required under a first-stage post-conviction hearing, and determined that the record positively rebutted the claims therein, and they were indisputably meritless. Do your honors have any questions about any of that? No. Well, in that case, I would ask that this court affirm the trial court's dismissal of the defendant's post-conviction petition at the first stage. Thank you. So here's where I would normally say you have time to reply, but I don't think you're going to reply. Well, again, I'm the attorney, so, you know, that's it. All right. So, thank you for your brief. Thank you for your argument. Thank you for being here. Well, I have not had a chance to argue in this courtroom, so this is certainly worth it. I have an argument this afternoon. Awesome. Well, we'll see you this afternoon. The court will take the matter into consideration. The issue is ruling in due course. Do you want to make a statement about Justice Keats again? Yeah, just for the record also, Justice Keats is another member of our panel. She is not available today, but will be participating by reviewing and listening to the audio, and then she'll have a discussion with us before we issue our ruling. All right.